IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

F I L E D

APR – 2 2015

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Robert Lee Pickrell, III,      )
    Plaintiff,               )
                )
v.                             )          1:14cv1690 (CMH/TCB)
                )
Mr. Stewart, et al.,           )
    Defendants.              )

## MEMORANDUM OPINION

Robert Lee Pickrell, III, a Virginia inmate proceeding pro se, has filed a civil rights

action, pursuant to 42 U.S.C. § 1983, alleging that the defendants, officials at Norfolk City Jail

("Norfolk") and Hampton Roads Regional Jail ("Hampton Roads") violated his Fourteenth

Amendment rights. Plaintiff has applied to proceed in forma pauperis in this action. To

determine whether plaintiff qualifies to proceed in forma pauperis, the Court directs plaintiff's

correctional institution to provide more information about the balance of his inmate account.

After reviewing plaintiff's complaint, the claims against defendants Dune, Skaggs, Watch

Commander, Correct Care Solutions, and ABL Food Services Management will be dismissed

with prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.[1] The claims

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any
    event, as soon as practicable after docketing, a complaint in a civil action in which
    a prisoner seeks redress from a governmental entity or officer or employee of a
    governmental entity.
    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable
    claims or dismiss the complaint, or any portion of the complaint, if the
    complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which
        relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from
        such relief.

against defendants Graves and McArtor will be dismissed without prejudice, pursuant to Fed. R. Civ. P. 20, as misjoined.  Additionally, for the reasons stated below, this complaint does not conform to all requirements for § 1983 civil actions, and plaintiff will be directed to provide additional information regarding all remaining defendants.

### I.

Plaintiff is a pretrial detainee.  See Compl. "Statement of the Claim" ¶ 1(c).  He arrived at Norfolk on August 20, 2014, and appears to suffer from two distinct medical conditions.  First, he requires prosthetic arch supports for his feet, which fracture or break without such supports.  Second, he requires a special diet free of any meat products, due to a past emergency intestinal surgery.  See id. ¶ 1(a).  Plaintiff informed medical staff at Norfolk of his foot condition upon arrival at the facility.  Id.

On September 9, 2014, plaintiff asked defendant Dune for a grievance form to address his ongoing medical concerns.  Id.  Dune informed plaintiff that he would refer his concerns to defendant Stewart, Norfolk's grievance coordinator.  Id.  That same day, Stewart spoke with plaintiff.  Plaintiff told Stewart that he was in "severe pain" due to the failure to receive his arch supports; plaintiff also told Stewart that he had lost approximately twenty pounds due to the failure to receive his proper diet.  Id.  Stewart told plaintiff that he "would go speak to medical right away and . . . would come back same day [sic] to let [plaintiff] know the outcome."  Id.  During this same conversation, plaintiff told Stewart that the food at Norfolk was generally of poor quality, and that the inmates were "being starved."  Id. ¶ 1(b).  Stewart allegedly told plaintiff that the jail did not have the budget to pay anyone from ABL Food Services to properly oversee the kitchen.  Id.

Plaintiff requested grievance forms about all topics he discussed with Stewart, but "could tell as soon as [he] acknowledged these facts to [Stewart], he and others are covering up facts of [inhumane] treatment and have denied so many others their grievance rights and processes . . . ."

Id. Plaintiff never received any grievance forms, and Stewart allegedly never followed up with plaintiff regarding his concerns. Id. ¶¶ 1(b)-1(c). Plaintiff alleges that Stewart, Sheriff Robert McCabe, Officer Dune, Officer Skaggs, and the Watch Commander are all engaged in a willful cover-up of the inhumane conditions at Norfolk, and deliberately prevent inmates from filling out grievance forms on these issues. See id. ¶¶ 1(c)-5(c). Plaintiff also appears to allege that, as soon as he filed a formal grievance, he was transferred to Hampton Roads. Id. ¶ 5(b).

Plaintiff also alleges that the "Acting Doctor in Charge" at Norfolk; Ms. Samboy, the medical director; and Correct Care Solutions, the health services provider, denied him proper medical care. See id. ¶¶ 6(a)-8(b). On approximately September 3, 2014, plaintiff gave the medical staff written permission to access his medical records regarding his existing medical conditions. Staff apparently did not attempt to access these records. See id. ¶ 6(b). Plaintiff also notified the medical staff on two separate occasions about the pain in his feet and the fact that he required a special diet. Id. Although plaintiff met with the head doctor on September 7, 2014, the doctor allegedly did not provide any adequate treatment for plaintiff's foot pain. Id. ¶¶ 6(b)-6(c). The doctor also did not provide any treatment for plaintiff's dietary needs, and staff told plaintiff to request a special diet from the chaplain. Id. ¶ 6(c). Plaintiff allegedly submitted numerous requests to Samboy complaining about his medical treatment, but never received any response. Id. ¶ 7(b).

On September 23, 2014, plaintiff was transferred to Hampton Roads. See id. ¶ 10(a). Plaintiff gave nurse Graves permission to access his medical records from Norfolk, and told Graves about his existing medical problems. Id. ¶¶ 10(a)-10(b). Graves told plaintiff that he "would put [him] in [immediately] to see the doctor the next day, and would also notify the kitchen as well the next day about [plaintiff's] special [dietary] tray." Id. ¶ 10(b). "After this, weeks went by and [plaintiff] never saw the doctor, [his] tray wasn't changed, and [he] was put

3

threw [sic] the same treatment . . . by them starting [him] and no medical treatment . . . ." Id.
Plaintiff eventually requested a lacto-ovo tray from the chaplain and received his proper diet. Id.

Plaintiff states that his feet have gotten worse at Hampton Roads, and that he currently
requests assistance to walk, in the form of a cane or wheelchair. Id. ¶ 10(c). He states that he
was scheduled to receive x-rays, but never received them. Id. Defendant McArtor has allegedly
ignored all of plaintiff's additional medical request forms. Id. ¶¶ 11(a)-11(b).

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint
that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C.
§ 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is
determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."
Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). To survive a 12(b)(6) motion, and
thus state a claim under § 1915A(b)(1), "a complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556
U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A
claim has facial plausibility when the plaintiff pleads factual content that allows the court to
draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556
U.S. at 663. Although the facts should be construed in plaintiff's favor, Edwards v. City of
Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999), "[t]hreadbare recitals of the elements of a cause of
action, supported by mere conclusory statements, do not suffice" to meet this standard, Iqbal,
556 U.S. at 678, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief
above the speculative level . . . ." Twombly, 550 U.S. at 55. Moreover, a court "is not bound to
accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

## III.

As plaintiff is a pretrial detainee, his claim is governed by the Due Process Clause of the

Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-36 (1979). It is well-established, however, that the Due Process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner. See Salde v. Hampton Roads Regional Jail, 407 F.3d 243, 250 (4th Cir. 2005). Therefore, plaintiff's claims of cruel and unusual punishment and denial of medical care will be discussed in relation to the Eighth Amendment standard.

### A.  Grievance Procedure

Plaintiff appears to assert that defendants Stewart, Dune, Skaggs, and the Watch Commander have mishandled his grievances and prevented Norfolk inmates from properly utilizing the grievance procedures. Such a claim would appear to arise under the Due Process Clause of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving an individual of life, liberty, or property without due process of law. U.S. Const. Amend. XIV. Although prisoners enjoy only limited Due Process rights, they do have a liberty interest in being free from conditions that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

Importantly, however, deprivation of the ability to use a particular type of prison grievance system is not a condition that imposes an "atypical and significant hardship" on an inmate. As the Constitution does not mandate grievance procedures, see Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), any right of an inmate to use such a procedure is entirely discretionary and does not implicate the Constitution. See, e.g., Mitchell v. Murray, 856 F. Supp. 289, 294 (E.D. Va. 1994); Chandler v. Cordova, No. 1:09cv483, 2009 WL 1491421, at *3 n.3 (E.D. Va. May 26, 2009) (Brinkema, J.). Accordingly, inmates do not have a protected liberty interest in the ability to use a particular type of prison grievance procedure, and any interference by the defendants with such procedures does not violate the Fourteenth Amendment. See Adams, 40

F.3d at 75; Taylor v. Lang, 483 F. App'x. 855, 858 (4th Cir. 2012) (internal citations omitted) ("[Plaintiff's] access to and participation in the grievance process is not constitutionally protected. . . .").

Therefore, plaintiff's allegation that the defendants interfered with inmates' ability to properly file grievance must be dismissed. Because plaintiff's claims against defendants Dune, Skaggs, and Watch Commander involve only these allegations, these defendants must be dismissed,[2] pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

### B.  Claims Against Non-Persons

The claims against Correct Care Solutions and ABL Food Services Management, Inc. must also be dismissed. Section 1983 provides a cause of action for constitutional violations committed by a "person, [acting] under color of any statute, ordinance, regulation, custom, or usage, of any State . . . ." 42 U.S.C. § 1983. Correct Care Medical Solutions and ABL Food Services are not "persons" for purposes of § 1983, and thus cannot be named as defendants. These entities must therefore be dismissed from this action.

### C.  Misjoinder

Plaintiff has made allegations against individuals at both Norfolk and Hampton Roads. However, these two groups of individuals have no relationship to each other, and the facts relating to the allegedly unconstitutional conduct at each institution are completely independent of each other. Accordingly, the allegations against Graves and McArtor, employees of Hampton Roads, must be dismissed, for misjoinder, pursuant to Fed. R. Civ. P. 20.

Fed. R. Civ. P. 18(a) provides that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims at it has against an opposing party." However,

---

[2] Although plaintiff alleges that Dune, Skaggs, and the Watch Commander participated in an alleged cover-up of inhumane conditions at Norfolk, these defendants' only personal involvement with the complained-of actions appears to be denying plaintiff's grievances. Accordingly, his allegations fail to state a claim against these individuals, for the reasons outlined above.

when joining multiple claims against multiple defendants, plaintiff must also satisfy Fed. R. Civ. P. 20, which states:

> (2) **Defendants.** Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

"Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present [] entirely different factual and legal issues." Sykes v. Bayer Pharmaceutical Corp., 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting Lovelace v. Lee, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)).

Plaintiff's claims against defendants Graves and McArtor present entirely different factual issues than the claims against the Norfolk defendants. Importantly, whether Graves and McArtor showed deliberate indifference to plaintiff's medical needs is an independent legal question from the allegations that the Norfolk defendants also violated plaintiff's constitutional rights. Accordingly, plaintiff's claims against Graves and McArtor have been misjoined, and must be dismissed. This dismissal is without prejudice to plaintiff's ability to bring these claims in a separate lawsuit.

## IV.

Plaintiff's remaining allegations appear to be that: (1) defendants Stewart and McCabe have deliberately covered up inhumane treatment at Norfolk; (2) defendants "Acting Doctor in Charge" and Samboy have denied plaintiff adequate medical treatment; and (3) the conditions of confinement at Norfolk constitute cruel and unusual punishment. Although district courts have a duty to construe pleadings by pro se litigants liberally, pro se plaintiffs must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights

7

guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Thus, each named defendant must have had personal knowledge of and personal involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against him. As presented, plaintiff has not yet stated a claim against any of the remaining defendants, but because plaintiff is proceeding pro se, he will be granted an opportunity to particularize and amend his complaint.

### A. Supervisory Liability

Plaintiff specifically alleges that defendants Stewart and McCabe are aware of inhumane conditions at Norfolk and are deliberately covering up these conditions. As Stewart is the grievance coordinator and McCabe is the Sheriff of Norfolk, plaintiff appears to name these individuals as defendants due to their supervisory roles. Supervisory officials can be held liable for constitutional injuries inflicted by their subordinates only in certain circumstances, however. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). Supervisory liability is premised on the "recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. at 798 (quoting Slakan, 737 F.2d at 372-73). Therefore, to establish supervisory liability under § 1983, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. at 799 (internal citations omitted).

8

As presented, plaintiff has not stated a claim against either Stewart or McCabe. Although he alleges that both defendants knew of the allegedly inhumane conditions at Norfolk and actively engaged in a cover-up, he has not provided sufficient facts to show an "affirmative causal link" between the defendants' actions and the allegedly unconstitutional conditions. Accordingly, he is directed to provide additional facts to show that Stewart and McCabe may be held liable as supervisors.

Plaintiff also appears to allege that Samboy, the medical director of Norfolk, should be liable as a supervisor. Plaintiff's current allegations are insufficient to state a claim for supervisory liability against Samboy, as he has alleged only that she failed to respond to his medical requests and medical grievances. The allegation that Samboy failed to respond to plaintiff's grievances, standing alone, is insufficient to render her personally liable for the alleged violation of plaintiff's rights. See Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (finding that defendant was not sufficiently personally involved in an allegedly unconstitutional adjustment team hearing when he received a letter from plaintiff about the hearing, but was not actually present at the hearing itself); see also Alder v. Corr. Med. Servs., 73 F. App'x. 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."). Accordingly, he is directed to provide additional facts showing that Samboy may be held liable as a supervisor.

### B. Denial of Medical Care

Plaintiff alleges that the "Acting Doctor in Charge" showed deliberate indifference to his serious medical needs. To state a claim of deliberate indifference to serious medical needs, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105 (1976); see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, a plaintiff must satisfy two distinct elements to show that he is entitled to relief. First, he must provide evidence to show that he

9

suffered from a sufficiently serious medical need. A medical need is "serious" if it has been diagnosed by a physician as mandating medical treatment, or if a lay person would recognize the need for medical treatment. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)); see also Cooper v. Dyke, 814 F.2d 941, 945-46 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Brown v. District of Columbia, 514 F.3d 1279, 1284 (D.C. Cir. 2008) (concluding that the "intense and often relentless pain" associated with untreated gallstones is sufficiently serious); but see Hall v. Holsmith, 340 F. App'x. 944, 947 & n.3 (4th Cir. 2009) (holding that flu-like symptoms did not constitute a serious medical need).

Second, a plaintiff must allege that the defendant acted with deliberate indifference to his serious medical need. To act with deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). An assertion of mere negligence or malpractice is not enough to state a constitutional violation; instead, plaintiff must allege and demonstrate "[d]eliberate indifference . . . by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part by Farmer, 511 U.S. 825; see also Estelle, 429 U.S. at 106. In other words, a plaintiff must show that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851 (citations omitted). To act with deliberate indifference, a defendant must have actual knowledge of the potential risk of harm to an inmate; the mere fact that the defendant should have known of the risk is not sufficient to constitute deliberate indifference. See, e.g., Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard – a showing of mere negligence will not meet it.").

10

Based on the foregoing principles, plaintiff has failed to state a claim for deliberate indifference. Assuming without deciding that his foot pain and dietary restrictions constitute serious medical needs, he has failed to show that the defendant acted with deliberate indifference to these needs. Specifically, he has failed to show that the defendant, after examining plaintiff's feet, deliberately ignored plaintiff's needs. Indeed, it appears that plaintiff has been provided with a cane to help him walk. In relation to his dietary needs, plaintiff has failed to show a connection between the defendant and the denial of his special diet, as it appears that the medical staff directed plaintiff to address this issue with the chaplain. Thus, plaintiff is directed to particularize and amend his complaint against the defendant. He is also directed to provide the name of "Acting Doctor in Charge," if known, as well as the names of any additional individuals he believes showed deliberate indifference to his medical needs.

### C. Conditions of Confinement

Although not stated explicitly, plaintiff appears to argue that the food he received at Norfolk was inadequate. In the specific context of a claim that an inmate's Eighth Amendment rights have been violated by the food served at his institution, it is well settled that "inmates must be provided nutritionally adequate food, 'prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (internal citations omitted); see also Bolding v. Holshouser, 575 F.2d 461, 465 (4th Cir.), cert. denied, 439 U.S. 837, (1978) (concluding that an inmate's allegation of failure to provide adequate sanitary food service facilities did state a cognizable Eighth Amendment claim). Although the Eighth Amendment requires prisons to provide inmates with wholesome and nutritious meals, to state a claim for an Eighth Amendment violation, an inmate must allege both a serious injury arising from the provision of inadequate food and deliberate indifference on the part of prison officials. See Wilson v. Seiter, 501 U.S. 294, 303 (1991); Islam v. Jackson, 782 F. Supp. 111, 114-115 (E.D. Va. 1992) (holding that

11

plaintiff who became ill after eating one meal but was treated immediately and suffered no lasting affects did not state a serious injury); Lunsford v. Reynolds, 376 F. Supp. 526, 528 (W.D. Va. 1974) (internal citations omitted) (determining that a claim of occasional incidents of foreign objects in food does not state Eighth Amendment claim).

Here, plaintiff has made conclusory statements that the food at Norfolk was not served to an adequate temperature and that the portions were too small. Such allegations, standing alone, are not sufficient to show deliberate indifference on the part of any of the defendants. In addition, aside from statements about his dietary needs, plaintiff has not alleged that he suffered any kind of injury as a result of the food at Norfolk. Accordingly, plaintiff is directed to particularize and amend his complaint. He is also directed to provide the names of specific individuals that he believes are responsible for this constitutional violation.

### D. Exhaustion

Lastly, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 92 (2006) (requiring complete exhaustion of correctional facility administrative remedies). In order to bring this action in the federal courts, plaintiff must receive a response to his grievance and, if unsatisfactory, must pursue it through all available levels of appeal before presenting that claim in federal court. At this time it is unclear whether plaintiff completely exhausted his institution's administrative remedies. Before this action may proceed, plaintiff will be required to submit additional information concerning his exhaustion of administrative remedies. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 680 (4th Cir. 2005) (deeming improper sua sponte dismissal of a claim on exhaustion grounds).

## V.

For the foregoing reasons, the claims against Dune, Skaggs, Watch Commander, Correct Care Solutions, ABL Food Services Management, Graves, and McArtor will be dismissed. Plaintiff is directed to particularize and amend his complaint in regards to the remaining defendants. An appropriate Order will issue.

Entered this _2nd_ day of _April_ 2015.

_Claude M. Hilton_
United States District Judge

Alexandria, Virginia

13